UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL ARDOIN (#121576)

VERSUS                                              CIVIL ACTION

WILLIE GRAVES, ET AL                                NUMBER 08-690-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 27, 2009.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL ARDOIN (#121576)

VERSUS                                             CIVIL ACTION

WILLIE GRAVES, ET AL                               NUMBER 08-690-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed on behalf of defendant Sheriff Willie Graves.  Record document number 17.  The motion is not opposed.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Livingston Parish Sheriff Willie Graves and prison medical personnel.  Plaintiff alleged that while confined at the Livingston Parish Jail medical personnel violated his constitutional rights when they performed a surgical procedure on him without anaesthesia and in unsanitary conditions.

Sheriff Graves[1] moved under Rule 12(b)(6), Fed.R.Civ.P., to

---

[1] The other defendants were not served with a summons and the complaint and did not participate in defendant Willie Grave's motion to dismiss.  Failure to serve a defendant within the time allowed by Rule 4(m), Fed.R.Civ.P., may result in dismissal of the complaint as to the unserved defendant.  Summons were returned unserved by the U.S. Marshal on February 26, 2009, because service was not accepted for the other two defendants whose last names are unknown.  Record document number 15.  Plaintiff has not provided the last names of these two defendants nor taken any other action to have them served.

dismiss the complaint for failure to state a claim upon which relief can be granted.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2] Complaints need not anticipate, and attempt to plead around, potential affirmative

---

[2] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

defenses.  *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint."  *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965.  "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S.Ct. at 1974.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965 (quotation marks, citations, and footnote omitted).

Plaintiff alleged that over a three day period beginning May 28, 2008, two nurses performed surgical procedures to remove a staff infection from his abdomen.  Plaintiff alleged that the medical procedures were performed without using an anesthetic and in unsanitary conditions.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of

constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff named Sheriff Graves as a defendant but did not allege any facts against him which rise to the level of a constitutional violation.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss be granted.

It is further recommended that the claims against L.P. Kanisha and R.N. Norma Jean be dismissed for failure to prosecute pursuant to Rule 4(m).[3]

Baton Rouge, Louisiana, April 27, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); contra *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).